IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00569-BNB

GENE ALLEN,

      Applicant,

v.

COUNTY COLO (BRIGHTION [sic]) AND ADEMES [sic] COUNTY COLO, The Real
      Party in Interest the State of Colorado, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 1 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO
FILE AN AMENDED APPLICATION

---

Applicant Gene Allen is a prisoner in the custody of the Nevada Department of
Corrections and currently is incarcerated at the Lovelock, Nevada, Correctional Center.
On March 20, 2006, Mr. Allen submitted to the court a *pro se* "Petition for a Writ of
Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Not
Sentenced to Death)." The Court entered an order on March 28, 2006, directing Mr.
Allen to submit his claims on a Court-approved form, which he did on April 10, 2006.
Although Applicant has retitled the Application filed on April 10 as filed pursuant to
§ 2255, the Court will disregard the caption and review the merits of the action as filed
pursuant to § 2254, as Mr. Allen is challenging a state conviction in Colorado.

The Court must construe the Application liberally, because Mr. Allen is a *pro se*
litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Allen will be ordered to file an Amended Application.

In the Application, Mr. Allen alleges that he was convicted and sentenced to one year of probation in a third degree sexual assault case.  He further states that the conviction was entered on May 26, 1994, but that his last court date was May 21, 2001.  Applicant also alleges that he did not file a direct appeal of the judgment of conviction.

Under Section "C. Postconviction Proceedings" in the Application form, Mr. Allen asserts that on January 11, 2006, he filed a 28 U.S.C. § 2255 action in the United States District Court for the District of Columbia (District of Columbia).  Mr. Allen refers to a transfer order regarding the § 2255 action that he filed in the District of Columbia, but also states that he did not appeal the dismissal of the case.  Upon review of the District of Columbia docket, the Court finds that the action Applicant is referring to is *Allen v. State of Colorado*, No. 06-cv-00045-UNA (D. D.C. Jan. 11, 2006).  Case No. 06-cv-00045-UNA was not transferred but was dismissed without prejudice by the District of Columbia.

Based on the information provided by Mr. Allen it is not clear whether he was convicted on May 26, 1994, or on May 21, 2001.  Further, it also is not clear why Mr. Allen filed a § 2255 action in Washington D.C. that he alleges pertains to the State of Colorado criminal case that he is challenging in the instant action.

In the instant Application, Mr. Allen raises three claims.  In Claim One, he asserts that he was not represented by counsel at his last hearing or court date.  In Claim Two, Mr. Allen describes the claim as "U.S.C.A. Const amend 5th and 6th Cronic [sic] Claim." (Application at 6.)  Under subpart "A. Supporting Facts" of Claim Two, Applicant cites to

several court cases and provides notations of the findings in each of the cases, but he fails to state why his Fifth and Sixth Amendment rights were violated.

In Claim Three, Mr. Allen describes the claim in the same manner that he describes Claim Two. He also refers to the Eighth Amendment, but the supporting facts like the supporting facts in Claim Two are unintelligible. Mr. Allen states that he has not presented the claims he raises to the state's highest court, but he contends that failure to exhaust does not deprive him of appellate review. (Application at 5 and 6.)

Mr. Allen's Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Allen's Application fails to provide a short and plain statement of his state court proceedings showing that he is entitled to relief. He will be given an opportunity to file an Amended Application to clarify the claims that he has asserted in keeping with Rule 8.

In addition, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If Mr. Allen is barred procedurally from raising his claim in the state courts, he may seek review in this Court only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Allen will be directed to amend the Application and show cause why the action should not be dismissed for failure to exhaust state-court remedies.

Furthermore, it appears that Applicant's claims are barred by the one-year limitation set forth in 28 U.S.C. § 2244(d). Section 2244(d) specifically provides as

4

follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing  by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Applicant will be directed to amend the Application and show

cause why the action should not be dismissed as barred by the one-year limitation

under § 2244(d).  Accordingly, it is

ORDERED that Mr. Allen file **within thirty (30) days from the date of this Order** an Amended Application that complies with Fed. R. Civ. P. 8 and that shows cause why the action should not be dismissed for the reasons stated above.  It is

FURTHER ORDERED that Mr. Allen's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Allen, together with a copy of this Order, two copies of the following form for use in filing the amended application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Allen fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.  It is

FURTHER ORDERED that Mr. Allen's "Motion to Correct the Recourd [sic]," and his "Motion for the Report and Recommandation [sic] of the U.S. Magistrate Judge," both filed April 24, 2006, are DENIED as unintelligible.  It is

FURTHER ORDERED that Mr. Allen's  "Motion for an Evidentiary Hearing," filed April 17, 2006, is DENIED as premature.

DATED May 1, 2006, at Denver, Colorado.

BY THE COURT:

_s/ Boyd N. Boland_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00569-BNB

Gene Allen
Prisoner No. 76542
Lovelock Corr. Center
PO Box 359
Lovelocc, NV 89419

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 5/1/06

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk