# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re:

GENE ALLEN,

          Movant.

No. 08-1021
(D.C. Nos. 06-CV-569-ZLW)
(D. Colo.)

## ORDER

Before **TACHA**, **KELLY**, and **LUCERO**, Circuit Judges.

     Movant Gene Allen, a prisoner in the custody of the Nevada Department of Corrections, has filed a motion seeking authorization to file a second or successive 28 U.S.C. § 2254 habeas petition to challenge a prior Colorado state conviction.  We deny authorization.

     Allen is currently serving a life sentence in Nevada for convictions in that state of lewdness with a minor and sexual assault of a minor.  His motion for authorization does not claim that he is challenging his Nevada convictions, however.  Rather, he filed a § 2254 petition in the federal district court for the Southern District of New York, stating that he sought to challenge his Colorado state convictions for first degree trespass and third degree sexual assault. (Colorado state court records indicate that he pleaded guilty to these charges on

May 24, 1994, but, following a probation revocation, was not sentenced until June 2001). The New York federal district court transferred the motion to this court because it lacked jurisdiction over it, both because Allen was neither convicted nor incarcerated in New York and because Allen was attempting to file a second or successive § 2254 petition. *See Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (authorizing transfers of unauthorized second or successive habeas petitions to the appropriate court of appeals for authorization).

The New York court correctly concluded that Allen's proposed § 2254 petition is second or successive. Allen previously filed a § 2254 petition challenging his Colorado convictions. That petition was dismissed in 2006 based on Allen's repeated failure to clarify the basis of his petition, or to address the court's concerns that he had not exhausted state remedies and that his petition was time-barred. *See Allen v. Colorado*, 205 F. App'x 675, 676 (10th Cir. 2006) (denying Allen a certificate of appealability), *cert. denied*, 127 S. Ct. 1919 (2007).

In response to the transfer, Allen filed a motion in this court seeking authorization to file his proposed second or successive § 2254 petition. To obtain permission to file a second or successive § 2254 petition, Allen must show that he has not raised his claim in a previous habeas petition, 28 U.S.C. § 2244(b)(1), and that his new claim either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable," *id*. § 2244(b)(2)(A), or depends on facts, previously undiscoverable through the exercise of due diligence, that would establish by clear and convincing evidence that he was not guilty of the offense, *id*. § 2244(b)(2)(B).

Construing his motion for authorization liberally, we conclude that Allen wishes to assert two claims. First, he states that a case should not be used to enhance one's sentence unless a certified copy of the judgment of conviction is presented to the court. Thus, it appears that he wishes to assert some claim challenging the use of a conviction to enhance a sentence, but he does not explain which conviction was used to enhance which sentence, or give any further explanation of this claim. As he admits in his motion, this proposed claim is not based on any new, retroactively-applicable rule of constitutional law. He states this claim is based on new evidence, but he does not identify any new evidence, and does not even suggest that he has evidence that establishes by clear and convincing proof that he is not guilty of the Colorado offenses. He cites to several court decisions, but none constitute new evidence or new, retroactively-applied constitutional law. Thus, he fails to demonstrate that this claim meets the authorization requirements of § 2244(b)(2).

In his second proposed claim, Allen simply states "discovery proceeding," Mot. at 10, and cites several civil procedure rules and several cases, but he does

not articulate any claim, nor does he demonstrate that this proposed claim meets the authorization requirements of § 2244(b)(2).

Accordingly, we DENY Allen leave to file a second or successive § 2254 petition. This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk